```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP.,<br><br>        Plaintiff,<br><br>    -against-<br><br>A1559749699-1, et al.<br><br>        Defendants. | 1:20-cv-04679-MKV<br><br>ORDER DENYING<br>MOTION FOR<br>RECONSIDERATION |
| IDEAVILLAGE PRODUCTS CORP.,<br><br>        Plaintiff,<br><br>    -against-<br><br>1TREE OUTDOOR STORE, et al.<br><br>        Defendants. | 1:20-cv-04680-MKV |
| IDEAVILLAGE PRODUCTS CORP.,<br><br>        Plaintiff,<br><br>    -against-<br><br>ANTIKER, et al.<br><br>        Defendants. | 1:20-cv-04681-MKV |
| IDEAVILLAGE PRODUCTS CORP.,<br><br>        Plaintiff,<br><br>    -against-<br><br>ABCHOUSE, et al.<br><br>        Defendants. | 1:20-cv-04682-MKV |
| IDEAVILLAGE PRODUCTS CORP.,<br><br>        Plaintiff,<br><br>    -against-<br><br>BERNARD.HK, et al.<br><br>        Defendants. | 1:20-cv-04683-MKV |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff has moved for reconsideration of the Court's Order denying Plaintiff's Motion for a Preliminary Injunction.  (*See* 20-cv-4679, Order Den. Mot. Prelim. Inj. 4 [ECF No. 20].)  For the reasons stated below, Plaintiff's Motion for Reconsideration of that decision is DENIED.

A motion for reconsideration should be denied unless the moving party "point[s] to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted) (noting further that the standard for granting motions for reconsideration is "strict").  Courts will only consider compelling reasons for reconsidering a prior decision, including "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (citation omitted).  Even a new argument regarding the decision in question is inappropriate if it could have been raised in their first motion. *Shrader*, 70 F.3d at 257.

The present Motion for Reconsideration raises only arguments that the Plaintiff raised or could have raised in its Application for a Temporary Restraining Order (20-cv-4679, Pl.'s Mem. Supp. Ex Parte Appl. TRO [ECF 13]), at the Show Cause Hearing, or in its Supplemental Submission (20-cv-4679, Pl.'s Suppl. Submission 3–6 [ECF No. 17]).  Indeed, most arguments raised in Plaintiff's Motion for Reconsideration are copied nearly verbatim from Plaintiff's Supplemental Submission (*compare* 20-cv-4679, Pl.'s Mem. Supp. Mot. Recons. 2–4, 8–13 [ECF

25], *with* 20-cv-4679, Pl.'s Suppl. Submission 3–6), and those not copied verbatim merely cite evidence the Court considered in issuing its previous Order (*see* 20-cv-4679, Pl.'s Mem. Supp. Mot. Recons. 13–14).  For this reason alone Plaintiff's Motion should be denied.  *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *see also Doe v. Winchester Bd. of Educ.*, No. 10-CV-1179, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) ("A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved." (citation omitted)).

In any event, Plaintiff has failed to meet its burden that it is entitled to a preliminary injunction.[1]  A plaintiff seeking a preliminary injunction must show:

> (1) a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)).  A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  A district court "has wide discretion in determining whether to grant a preliminary injunction." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quoting *Moore*, 409 F.3d at 511).

---

[1] The Court need not address Plaintiff's arguments regarding service of process and personal jurisdiction because Plaintiff has not satisfied the requirements for issuance of a preliminary injunction.

A showing of "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Id.* (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). Therefore, the plaintiff "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* (quoting *Freedom Holdings*, 408 F.3d at 144).

To show irreparable harm, a plaintiff "must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (quoting *Freedom Holdings*, 408 F.3d at 144); *see also Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991) (noting that "a mere possibility of irreparable harm is insufficient"). A district court "must not simply presume irreparable harm." *Salinger*, 607 F.3d at 82 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006)). Rather, the plaintiff must present evidence that irreparable will in fact occur. *Id.*

Plaintiff has offered insufficient evidence to demonstrate a likelihood of irreparable harm. Plaintiff claims that the Defendants' selling of "substandard Counterfeit Products that look remarkably similar, if not identical, to the HD Vision products" will cause Plaintiff "unquantifiable lost sales, loss of goodwill and loss of control of its reputation." (20-cv-4679, Pl.'s Mem. Supp. Mot. Recons. 17.) But as the Court explained in its prior Order, Plaintiff has not introduced sufficient evidence to support a preliminary injunction. (20-cv-4679, Order Den. Mot. Prelim. Inj. 4.)

First, Plaintiff has failed to offer any evidence regarding the number or value of allegedly infringing sales. (*Id.*) *See Grand River Enter. Six Nations*, 481 F.3d at 67 (requiring plaintiff "point[] to a meaningful loss of market share"). Plaintiff argues that without Defendants'

4

appearance in this action and compliance with the expedited discovery ordered in the TROs, Plaintiff cannot determine the extent of Defendants' sales. (20-cv-4679, Pl.'s Mem. Supp. Mot. Recons. 13–14.) But "the burden of proof and persuasion rest[s] squarely on [Plaintiff]," and "[t]o the extent that there [i]s a dearth of evidence, [Plaintiff] is to blame." *Grand River Enter. Six Nations*, 481 F.3d at 68. In moving for reconsideration, Plaintiff cannot now "complain that the district court relied on the limited evidence that *was* provided." *Id.*

Second, the Court is not convinced that Defendants' continued sale of their products will generate confusion among consumers such that Plaintiff will suffer loss of goodwill or damage to its reputation. (*See* 20-cv-4679, Pl.'s Mem. Supp. Mot. Recons. 16–17.) "[E]vidence of *actual* consumer confusion is particularly relevant to a trademark infringement action." *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 745 (2d Cir. 1998) (citing *Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 963–64 (2d Cir. 1996)). Despite alleging repeatedly that Defendants' products are "confusingly similar," Plaintiff has offered no evidence that consumers have actually confused or are likely to confuse Defendants' products for Plaintiff's products. *See Biosafe-One, Inc. v. Hawks*, 524 F. Supp. 2d 452, 465 (S.D.N.Y. 2007) ("Plaintiffs' conclusory statements that consumers are confused do not prove actual confusion and plaintiffs have cited no credible instances of actual confusion."); *cf. CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 145, 156 (E.D.N.Y. 2011) (finding irreparable harm based in part on high likelihood of confusion among consumers where plaintiff presented "customer reviews from Amazon.com showing that at least some consumers purchased defendants' product believing them to be plaintiffs' product").[2]

---

[2] Actual confusion is, of course, only one of eight factors courts consider in assessing likelihood of confusion in a trademark infringement action. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). As the Court explained in its prior Order, Defendants raised legitimate arguments at the Show Cause Hearing—including arguments against a finding of likelihood of confusion—with respect to Plaintiff's likelihood of success on the merits of its Lanham Act claim. (Order Den. Mot. Prelim. Inj. 4.)

Lastly, Plaintiff's delay in filing this action further suggests that Plaintiff is not likely to suffer irreparable harm. "It is well-established in this Circuit that delays in moving for injunctive relief to protect copyrights and trademarks from further unauthorized use weight heavily against the movant." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 457–58 (S.D.N.Y. 2014) (citing *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985)). The dates on exhibits filed with the Complaint demonstrate that Plaintiff was aware of the allegedly infringing activities as early as February 2020 (*see generally* 20-cv-4679, Complaint Ex. D [ECF No. 7]), yet Plaintiff waited until June 2020, to file this action. *See Citibank, N.A.*, 756 F.2d at 276–77 (finding that ten-week delay from learning of alleged copyright infringement to filing of lawsuit "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggest that there is, in fact, no irreparable injury" (citation omitted)). Plaintiff's waiting five months to commence this action indicates that Defendants' activities do not threaten the irreparable harm alleged by Plaintiff. *See Transcience Corp.*, 50 F. Supp. 3d at 457–58 (collecting cases).

Since Plaintiff has not met its burden to show a likelihood of irreparable harm, the Court need not address the other requirements for the issuance of a preliminary injunction. *See Grand River Enter. Six Nations*, 481 F.3d at 67. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

**SO ORDERED.**

Date: **September 23, 2020**
**New York, NY**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**

6